```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Robert Donald Marshall,         :
Jr. and Angel Maria             :
Marshall,                       :
        Plaintiffs,             :
                                :
    v.                          :   Case No. 2:13-cv-224-wks
                                :
Brita Hanson, Michelle          :
Kainen, Brenda Pellerine,       :
Cindy Kurahara, Mariam          :
Newman, Dr. William             :
Halikias, Mary Ann Neill,       :
Jeffrey Carlstrom,              :
Jennifer Foster, Janet          :
Melke, Carla Tucker,            :
Ruth Clough, and Sue            :
Lohutko,                        :
                                :
        Defendants.             :
```

**OPINION AND ORDER**

Plaintiffs Robert Donald Marshall, Jr. and Angel Maria Marshall, proceeding *pro se*, bring this civil rights action claiming a conspiracy to terminate their respective parental rights. On March 25, 2016, the Court allowed Plaintiffs 30 days in which to file a Second Amended Complaint, and warned that the "failure to do so will likely result in the dismissal of all claims, and the dismissal of this case with prejudice." ECF No. 94 at 4. Thirty days have since passed, the Plaintiffs have not filed a Second Amended Complaint, and motions to dismiss for failure to prosecute are currently before the Court.

Dismissal for failure to prosecute is governed by Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).  The Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  *Lyell Theatre Corp.*, 682 F.2d at 42.  The Second Circuit has also acknowledged that dismissal is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in *pro se* cases, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994)).

 The following factors, none of which is dispositive, must be considered when determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further

delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Nita*, 16 F.3d at 485; *Feurtado v. City of New York*, 225 F.R.D. 474, 477 (S.D.N.Y. 2004).

      The instant case has been pending since 2013.  In an Opinion and Order dated March 27, 2015, the Court dismissed the Plaintiffs' claims and granted leave to file a Second Amended Complaint.  The Court warned that "[f]ailure to file a Second Amended Complaint within thirty (30) days may result in final dismissal with prejudice of the claims dismissed herein."  ECF No. 78 at 35.  After the Court granted a subsequent motion for extension of time, the Plaintiffs' filing was due on June 1, 2015.

      Plaintiffs attempted to file a Second Amended Complaint electronically on the due date.  The Clerk's Office rejected the filing on the basis of this Court's rule barring the electronic filings of complaints.  *See* Administrative Procedure for Electronic Case Files Rule I(1)(b).  The Clerk's Office then alerted Plaintiffs via email, first on June 2, 2015 and again on

June 16, 2015, of the need to file a paper copy of the Complaint. When Plaintiffs responded that they had not retained a paper copy, the Clerk's Office suggested obtaining a copy from one of the opposing attorneys.  To date, Plaintiffs have not properly filed a Second Amended Complaint.

It has now been nearly a year since either Plaintiff filed anything with the Court.  As noted above, on March 25, 2016 the Court allowed Plaintiffs an additional 30 days in which to file a Second Amended Complaint.  That deadline has now passed, and Plaintiffs have filed nothing.

Reviewing the factors for dismissal under Rule 41(b), the Plaintiffs have been aware of the need to file a Second Amended Complaint since March 2015 – over one year ago.  The Court has allowed them multiple opportunities to properly docket an amended pleading, and has clearly warned that the failure to do so would likely result in the dismissal of their claims with prejudice. Plaintiffs have nonetheless failed to take action to preserve their claims.

An Amended Complaint naming the individual Defendants has been pending since March 2014.  In light of the Plaintiffs' inaction, those Defendants now have a right to dismissal of the claims against them.  The Court has considered Plaintiffs' due process rights, as well as a lesser sanction, and finds that the repeated failure to properly file a Second Amended Complaint

4

warrants dismissal.  The pending motions to dismiss (ECF Nos. 95 and 96) are **granted**, and this case is **dismissed with prejudice**.

Dated at Burlington, in the District of Vermont, this 4th day of May, 2016.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
District Court Judge
